**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 23-4728**

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEWAYNE LAMONT RICHMOND,

Defendant - Appellant.

—————————

**No. 23-4729**

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEWAYNE LAMONT RICHMOND,

Defendant - Appellant.

—————————

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:22-cr-00336-LCB-1; 1:13-cr-00055-LCB-1)

—————————

Submitted:  August 22, 2024                    Decided:  August 26, 2024

Before WILKINSON, WYNN, and RICHARDSON, Circuit Judges.

---

No. 23-4728, affirmed in part and dismissed in part; No. 23-4729, affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Sandra Payne Hagood, LAW OFFICE OF SANDRA PAYNE HAGOOD, Chapel Hill, North Carolina, for Appellant. Jacob Darriel Pryor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2013, Dewayne Lamont Richmond pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g). The district court sentenced Richmond to 115 months' imprisonment, followed by three years' supervised release. In 2023, while on supervised release, Richmond pleaded guilty, pursuant to a written plea agreement, to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm by a felon, in violation of § 922(g)(1). The district court sentenced Richmond to a total of 160 months' imprisonment, followed by three years' supervised release.

Based on his new convictions and other conduct, Richmond admitted to violating the terms of his supervised release. The district court therefore revoked his supervised release and sentenced him to a term of 24 months' imprisonment, to run consecutively to the sentence for the new criminal offenses. Richmond appealed both judgments and counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning in No. 23-4729 whether the court abused its discretion in finding Richmond violated the terms of supervised release and whether the sentence for the supervised release violations was reasonable, and in No. 23-4728 whether Richmond's appeal waiver was valid and whether there are any meritorious issues falling outside the cope of the waiver. The Government has moved to dismiss Richmond's appeal of the new criminal convictions in No. 23-4728 as barred by Richmond's waiver of his appellate rights contained in the plea agreement. For the following reasons we affirm in part and dismiss in part.

3

With respect to Richmond's appeal of the supervised release revocation judgment in No. 23-4729, a district court may revoke supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). We review a district court's decision to revoke supervised release for abuse of discretion and its factual findings underlying the revocation for clear error. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). We conclude that the district court did not err in revoking Richmond's supervised release based on his admission to the violations and guilty plea to the new criminal conduct.

With respect to Richmond's revocation sentence "[a] district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). Thus, we will "affirm a revocation sentence so long as it is within the prescribed statutory range and is not plainly unreasonable." *United States v. Coston*, 964 F.3d 289, 296 (4th Cir. 2020) (internal quotation marks omitted). When reviewing whether a revocation sentence is plainly unreasonable, we first determine "whether the sentence is unreasonable at all." *Id.* (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors," *id.* at 297 (internal quotation marks omitted), and the explanation indicates "that the court considered any potentially meritorious arguments raised by the parties," *United States v. Patterson*, 957 F.3d 426, 436-37 (4th Cir. 2020) (internal quotation marks omitted). "A court need

4

not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010) (internal quotation marks omitted). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted).

We conclude that Richmond's revocation sentence is both procedurally and substantively reasonable. When imposing its sentence, the district court correctly calculated the policy statement range, considered the relevant statutory factors, imposed a sentence within the statutory maximum, gave sufficiently detailed reasons for its decision, and addressed Richmond's arguments for a lesser sentence. Specifically, in imposing a sentence within the policy statement range, the court explained that Richmond had committed several violations starting only a year after he had been released onto supervision.

Next, we conclude that Richmond has waived his right to his sentence for the new criminal conduct in No. 23-4728. As we have explained, a defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742. *See United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990). This court reviews the validity of an appellate waiver de novo and will enforce the waiver if it is valid and the issue appealed is within the scope thereof. *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005).

5

An appeal waiver is valid if the defendant knowingly and intelligently agreed to the waiver. *Id.* at 169. "To determine whether a defendant knowingly and voluntarily agreed to waive his appellate rights, we look to the totality of the circumstances, including the defendant's experience, conduct, educational background and knowledge of his plea agreement and its terms." *United States v. Carter*, 87 F.4th 217, 224 (4th Cir. 2023). "Generally, . . . if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted).

Based on the totality of circumstances, we conclude that Richmond knowingly and voluntarily entered his guilty plea and understood the appeal waiver. Moreover, Richmond's appeal waiver included his right to appeal his convictions and sentence on any grounds except for a sentence in excess of the statutory maximum or based on an impermissible factor. We therefore grant the Government's motion in part and dismiss Richmond's appeal in No. 23-4728 as to all issues within the scope of the appellate waiver.

In accordance with *Anders*, we have reviewed the entire record in these appeals and have found no meritorious grounds for appeal. We therefore affirm the district court's revocation judgment in No. 23-4729, affirm Richmond's convictions in No. 23-4728, and dismiss the remainder of the appeal in No. 23-4728. This court requires that counsel inform Richmond, in writing, of the right to petition the Supreme Court of the United States for further review. If Richmond requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw

6

from representation. Counsel's motion must state that a copy thereof was served on Richmond.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*No. 23-4728, AFFIRMED IN PART AND DISMISSED IN PART;*
*No. 23-4729, AFFIRMED*